JUDGE COTE

Case 1:08-cv-05134-DLC   Document 1   Filed 06/04/2008   Page 1 of 7

08 CV 5134

RECEIVED
JUN 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RHONDA ENTERPRISES S.A.,

                Plaintiff,        08 CV

-v-

                                   **VERIFIED COMPLAINT**

PROJECTOR S.A., and
PROJECTOR ASIA PTE LTD.,

                Defendants.
-----------------------------------------------------------------x

        Plaintiff, RHONDA ENTERPRISES S.A. (hereinafter "RHONDA"), by its attorneys, CHALOS & CO, as and for its Verified Complaint against Defendants, PROJECTOR S.A. (hereinafter "PROJECTOR") and PROJECTOR ASIA PTE LTD. (hereinafter "PROJECTOR ASIA") alleges upon information and belief as follows:

## JURISDICTION

        1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

        2.     At all times material hereto, Plaintiff, RHONDA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with principal place of business at Monrovia, Liberia.

        3.     At all times material hereto, Defendant, PROJECTOR, upon information and belief, was and still is a foreign business entity with a principle place of business at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907.

4. At all times material hereto, Defendant, PROJECTOR ASIA, upon information and belief, was and still is a foreign business entity with a principle place of business at No. 2 Battery Road, HEX22-01 Mayback Tower, Singapore 049907.

## AS A FIRST CAUSE OF ACTION

5. On or about April 15, 1999, RHONDA, as owner of the M/T ELKA ARISTOTLE, and PROJECTOR and/or PROJECTOR ASIA, as charterers, entered into an Asbatankvoy voyage charter party agreement for the carriage of liquid products from Mailiao, Taiwan to Singapore (hereinafter "the contract").

6. This contract is a maritime contract.

7. Pursuant to the terms and conditions agreed between the parties in the voyage charter party agreement, RHONDA and Defendants agreed to, among other things, the payment of demurrage to RHONDA, payment of commission for brokers to RHONDA, and the arbitration of disputes arising out of the maritime contract.

8. In accordance with the parties' agreement, the Plaintiff delivered the M/T ELKA ARISTOTLE to Defendants. The vessel was loaded, and proceeded to discharge its cargo according to the maritime contract.

9. Despite demands by RHONDA to Defendants, and Defendants' promises to pay demurrage and commission to the brokers in a timely manner, Defendants, in breach of the terms of the April 15, 1999 voyage charter party agreement, failed to pay demurrage and the commission for the brokers of the vessel. To date, the total amount due and owing to RHONDA by Defendants is US$78,433.33, which consists of

$76,472.50 of demurrage (with accrued interest) and $1,960.83 commission due to brokers.

10. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$35,000.00.

11. Therefore, RHONDA's total claim for breach of the maritime contract against Defendants is in the aggregate US$113,433.33.

## BASIS FOR ATTACHMENT

12. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

13. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through

intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD $113,433.33, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       June 4, 2008

                                  CHALOS & CO
                                  Attorneys for Plaintiff
                                  RHONDA ENTERPRISES S.A.

By: _____
                                  George M. Chalos (GC-8693)
                                  123 South Street
                                  Oyster Bay, New York 11771
                                  Tel: (516) 714-4300
                                  Fax: (866) 702-4577
                                  Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RHONDA ENTERPRISES S.A..,

                                 Plaintiff,

-v-

                                                              VERIFICATION OF
                                                              COMPLAINT
PROJECTOR S.A., and
PROJECTOR ASIA PTE LTD.,



                                 Defendants.
-----------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS & CO, counsel for the Plaintiff, RHONDA ENTERPRISES S.A., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       June 4, 2008

                              CHALOS & CO
                              Attorneys for Plaintiff
                              RHONDA ENTERPRISES S.A.

By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com